

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00371-CR

**JEREMY WAYNE STRICKLAND,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2022-820-C1**

## MEMORANDUM OPINION

Jeremy Wayne Strickland appeals his conviction for continuous sexual abuse of a child. After finding him guilty, the jury assessed punishment at sixty years of confinement in the Texas Department of Criminal Justice—Institutional Division. In his sole issue, Strickland contends the trial court erred in allowing admission of extraneous offense evidence. We affirm.

In his sole issue on appeal, Strickland asserts the trial court abused its discretion by permitting the State to elicit testimony from him about his extraneous drug usage. Specifically, on cross-examination, Strickland testified that he tested positive for methamphetamines in 2013, 2018, and in 2023. He argues that he did not open the door for this evidence, and it was not admissible under any legally correct theory.

STANDARD OF REVIEW AND APPLICABLE LAW

We review the trial court's decision to admit contested testimony under an abuse of discretion standard. *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). We will uphold the trial court's decision if it is within the zone of reasonable disagreement. *Id*. The trial court's evidentiary ruling must be upheld if it is reasonably supported by the record and is correct under any applicable theory of law. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

Because an accused must be tried only for the offense for which he is charged and may not be tried for a collateral crime or for being a criminal generally, extraneous offense evidence is usually not admissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1); *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991).

When a defendant offers evidence of his good character, the prosecutor can admit evidence of the defendant's character to rebut the implication left by defendant's

character evidence. TEX. R. EVID. 404(a)(2)(A); *Harrison v. State*, 241 S.W.3d 23, 27 (Tex. Crim. App. 2007). Once a defendant opens the door to evidence pertinent to a character trait, trial courts may permit the State to introduce evidence to impeach the defendant's evidence concerning the trait at issue. *Wheeler v. State*, 67 S.W.3d 879, 886 n.16 (Tex. Crim. App. 2002).

Discussion

K.S.'s older brother, Jeremy, testified on behalf of Strickland. He testified that he does not believe his father sexually assaulted K.S. The prosecutor asked him: "So that's why you don't believe her, because she's lied to you?" Jeremy responded by volunteering: "My father is not a bad person. I don't believe it." Evidence to show Strickland's character became relevant to impeach the impression left by Jeremy that Strickland was not a "bad person." *See Harrison*, 241 S.W.3d at 27. Therefore, the trial court did not abuse its discretion when it permitted the State to cross-examine Strickland about his past drug use. *Id*. We overrule Strickland's sole issue.

**Conclusion**

We affirm the trial court's judgment.

STEVE SMITH
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith

Affirmed

Opinion delivered and filed August 22, 2024

Do not publish

[CRPM]

